UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:23-CV-24353-CMA

**GUILLERMO ARANA**, and other similarly situated individuals,

        Plaintiff(s),

v.

**R&S CONCRETE SOUTH, INC**., a Florida Corporation, **ROGER & SONS CONCRETE, INC**., a New York Corporation, and **ANTONIO RODRIGUES**,

        Defendants.

## AMENDED COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, GUILLERMO ARANA ("Plaintiff") and other similarly situated individuals, sue the Defendants, R&S CONCRETE SOUTH, INC., a Florida Corporation, ROGER & SONS CONCRETE, INC., a New York Corporation, and ANTONIO RODRIGUES (collectively the "Defendants"), and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

## VENUE

3. Plaintiff resides within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act. He worked for Defendants in Miami-Dade County, Florida.

4. Defendants R&S CONCRETE SOUTH, INC. and ROGER & SONS CONCRETE, INC. (the "Corporate Defendants") have an office and do business in Miami-Dade County. At all times relevant, the Corporate Defendants engaged in interstate commerce.

5. Defendant ANTONIO RODRIGUES (the "Individual Defendant") is the owner and/or officer of the Corporate Defendants, and he had an office and does business in Miami-Dade County, Florida. At all times material hereto, the Individual Defendant was and is engaged in interstate commerce.

## CORPORATE DEFENDANTS ARE AN INTEGRATED ENTERPRISE, JOINT EMPLOYERS, OR AGENTS OF EACH OTHER

6. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Discovery should reveal that Defendant ANTONIO RODRIGUES is an owner and an officer in both Corporate Defendants.

7. The Corporate Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

8. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

9. To illustrate, John Coniglio is an employee or agent of ROGER & SONS CONCRETE, INC. in New York, but he worked in South Florida and provided services for R&S CONCRETE SOUTH, INC. in the Miami-Fort Lauderdale area. Plaintiff and at least three other similarly situated co-workers specifically worked in New York for ROGER & SONS CONCRETE, INC. and were later transferred to Florida to work under R&S CONCRETE SOUTH, INC. Initially, Plaintiff and those similarly situated employees were working in Florida but paid by ROGER & SONS CONCRETE, INC. Later, R&S CONCRETE SOUTH, INC. paid their salaries, but they still answered to both Corporate Defendants.

10. Each Corporate Defendant is sued individually, as an integrated enterprise, as joint employers, and as agent of each other.

## GENERAL ALLEGATIONS

11. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

12. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from

across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

13. The annual gross revenue of each of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Alternatively, the combined gross revenue of the Corporate Defendants was, at all times material, in excess of $500,000 per year.

14. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are well known construction companies and, through their business activity, affect interstate commerce. The Plaintiff' work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as carpenter for the Corporate Defendants' business.

## COUNT I: UNPAID OVERTIME OWED TO GUILLERMO ARANA BY THE CORPORATE DEFENDANTS

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. While employed by the Corporate Defendants, Arana worked approximately an average of 48-50 hours per week.

17. When he worked overtime between November, 2020, and approximately September, 2022, Corporate Defendants did not compensate him at the rate of not less than one- and one-half times the regular rate at which he was employed.

18. Plaintiff was employed as a carpenter performing the same or similar duties as that of those other similarly situated carpenters whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

19. Plaintiff worked for Corporate Defendants from approximately March of 2017 to September 22, 2023. When the Corporate Defendants brought him to work in Florida, they did not pay him overtime until approximately September, 2022.

20. In total, Plaintiff worked approximately 99 compensable weeks under the Act (from November, 2020, to September, 2022), or 99 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

21. The Corporate Defendant paid Plaintiff on average approximately 59.21/hr.

22. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

23. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

24. When the Corporate Defendants brought Plaintiff to work in Florida, they offered a straight salary to Plaintiff, which supposedly would cover only 40 hours per week. Plaintiff accepted.

25. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    a.  **Actual Damages: $175,843.80**

        i.  <u>Calculation</u>: $59.21 (hourly pay) x 1.5 (overtime rate) x 10 (approximate number of overtime hours) x 99 (compensable weeks) = $87,921.90

    b.  **Liquidated Damages:** $87,921.90

    c.  **Total Damages: $175,843.80** plus reasonable attorneys' fees and costs of suit.

26.    At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

27.    The Corporate Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

28.    The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing

Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

29. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Arana and other similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: GUILLERMO ARANA's CLAIM AGAINST THE INDIVIDUAL DEFENDANT

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 and 11-14 above as if set out in full herein.

31. At the times mentioned, the Individual Defendant was, and is now, an owner and/or an officer in both Corporate Defendants.

32. This action is brought by Plaintiff and those similarly situated to recover from the Individual Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee

receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

34. The annual gross revenue of each of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Alternatively, the combined gross revenue of the Corporate Defendants was, at all times material, in excess of $500,000 per year.

35. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are well known construction companies and, through their business activity, affect interstate commerce. The Plaintiff' work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Defendants as carpenter for the Corporate Defendants' business.

36. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated.

37. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

38. Individual Defendant approved the decision to transfer Plaintiff from New York to Florida. Individual Defendant approved the decision to have R&S CONCRETE SOUTH, INC. pay for Plaintiff's wages once Plaintiff had already been working and been paid by ROGER & SONS CONCRETE, INC. in Florida.

39. The Individual Defendant is and was, at all times relevant, a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

40. Individual Defendant was involved in decision to pay Plaintiff's wages.

41. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   d. **Actual Damages: $175,843.80**

      ii. <u>Calculation</u>: $59.21 (hourly pay) x 1.5 (overtime rate) x 10 (approximate number of overtime hours) x 99 (compensable weeks) = $87,921.90

   e. **Liquidated Damages:** $87,921.90

   f. **Total Damages: $175,843.80** plus reasonable attorneys' fees and costs of suit.

42. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

43.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: November 16, 2023.

Respectfully submitted,

By: /s/Julisse Jimenez
Julisse Jimenez, Esq.
FBN: 65387
Email: julisse@legalopinionusa.com

THE SAENZ LAW FIRM, PA
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
*Counsel for Plaintiff*